UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE GABRIEL MENDOZA PINANGO,

Petitioner,

v.

CURRENT OF ACTING WARDEN, CENTRAL VALLEY ANNEX, *et al*.,

Respondents.

Case No. 1:26-cv-06384 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 4

Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) and motion for a temporary restraining order ("TRO") (Dkt. No. 4) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Venezuela, Petitioner entered the United States on or around November 21, 2021, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 1 ¶ 42; Dkt. No. 8-1 at 2. Petitioner was subsequently released from custody and paroled into the country pursuant to humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). *See* Dkt. No. 1 ¶45; Dkt. No. 8-1 at 2. After his release, Petitioner began living in Ennis, Texas with his wife and child, and applied for asylum and temporary protected status through USCIS. Dkt. No. 1 ¶¶ 3, 44, 45.

On May 22, 2026, ICE officers detained Petitioner following an arrest and charge for assault causing bodily injury. *See id.* ¶ 45; Dkt. No. 8-1 at 2; Dkt. No. 8-2 at 4. The charge appears to still be pending. Dkt. No. 8-2 at 5. Petitioner was provided an opportunity to request a

custody redetermination hearing on August 14, 2026, but allegedly refused to sign the hearing request form. *See* Dkt. No. 8-3.

Many prior orders within this district and throughout the Ninth Circuit are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Fernandez Lopez v. Wofford*, No. 1:25-CV-01226-KES-SKO (HC), 2025 WL 2959319 (E.D. Cal. Oct. 17, 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Marin v. Warden of Golden State Annex*, No. 1:26-CV-04316 (VC), 2026 WL 1871026 (E.D. Cal. June 29, 2026); *Maldonado Rojas v. Warden of the Golden State Annex*, No. 1:26-CV-04315-NW, 2026 WL 1871025 (E.D. Cal. June 29, 2026); *Ji v. Noem*, No. 1:26-CV-01186-DJC-CSK, 2026 WL 485287 (E.D. Cal. Feb. 20, 2026); *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025); *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159 (D. Nev. 2025). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued freedom. *See R.A.N.O.*, 820 F. Supp. 3d at 1103 (finding protected liberty interest where petitioner was previously released on parole under § 1182(d)(5)(A)). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention without providing a bond hearing is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Following the filing of the instant petition and TRO, the Court set a briefing schedule on the TRO, and directed the parties to indicate whether they opposed the Court ruling directly on the underlying petition. *See* Dkt. No. 8. Respondents filed an opposition noting that it did not oppose the Court ruling directly on the petition, but opposed releasing Petitioner on the grounds that (1) "§ 1226(a) governs Petitioner's detention" in light of *Rodriguez Vazquez v.Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), entitling him to a bond hearing, and (2) that Petitioner was

"detained following a material change in circumstances[]," justifying his instant detention. Dkt. No. 8 at 1–2.

Where a non-citizen was previously released by immigration authorities, and then re-detained without process, Courts have typically ordered immediate release. However, some courts have found that, under circumstances where an individual has been arrested for a serious offense, "providing Petitioner with notice and a pre-deprivation hearing [prior to detention] would have been impracticable and/or would have motivated his flight." *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025) (collecting cases ordering bond hearings, rather than release, under similar circumstances). The Court finds that reasoning applicable here in light of Petitioner's recent arrest and pending charge for assault. Petitioner may have violated the terms of his release given this pending charge; the question, however, is whether these events constitute changed circumstances that would justify an immigration judge revoking Petitioner's parole. *See Singh v. Chestnut, et al.*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner who was formerly released on his own recognizance but detained by ICE after he was arrested for aggravated battery—despite finding that petitioner was not subject to mandatory detention under Laken Riley—because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO, 2025 WL 2938808, at *14–16, 18 (E.D. Cal. Oct. 16, 2025) (ordering a post-deprivation bond hearing where petitioner had multiple infractions of his conditional release order). Accordingly, post-deprivation process is appropriate under these circumstances.

For the reasons stated above, the Petition is GRANTED in part. Petitioner SHALL be provided a substantive bond hearing within fourteen (14) days at which an Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. The hearing date may be continued upon Petitioner's request. The Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger

to the community or a risk of flight.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 24, 2026

VINCE CHHABRIA
United States District Judge